UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

DIANA AREVALO, an individual,

    Plaintiff,

v.

APPETITES, INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, DIANA AREVALO (hereinafter referred to as "Plaintiff" and "AREVALO"), was an employee of Defendant, APPETITES, INC., a Florida Corporation (hereinafter "Defendant" or "APPETITES"), and brings this action against Defendant for alleged sex/gender discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq., a*nd the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq*.

2. At all times material to this action, AREVALO has been an individual residing in Broward County, Florida, within the jurisdiction of this Court.

3. Defendant, APPETITES, has at all times material to this Complaint owned and operated a catering business in South Florida based at 3420 W. Hallandale Beach Boulevard, Pembroke Park, Florida 33023 in Broward County, within the jurisdiction of this Court.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1343, and 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Broward County, within the jurisdiction of the

United States District Court for the Southern District of Florida.

6. In or around October 2018, ARVELO started working for APPETITES as a Delivery Driver.

7. At all times material to this action, AREVALO was an employee of APPETITES within the meaning of Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

8. At all times material to this action, APPETITES was AREVALO's employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

9. On or around July 25, 2019, AREVALO injured her back and leg on the job while working for APPETITES.

10. After AREVALO's injury at work, Plaintiff notified APPETITES' owner, Steve Moscovitch, that she would be absent from work for a few days.

11. On or around July 30, 2019, AREVALO went to APPETITES' office to talk to Defendant about a leave form and Steve Moscovitch told Plaintiff that: (a) APPETITES had a male employee doing Plaintiff's job while she had been out of work; (b) the male employee did the job faster than AREVALO; and (c) Plaintiff would need to complete deliveries and other work for APPETITES as quickly as the male employee.

12. Further on or around July 30, 2019, AREVALO objected to Steve Moscovitch discriminating against Plaintiff because of her sex/gender, female, but Moscovitch told AREVALO that a male employee "can do the job better than [Plaintiff] could anyway" and Moscovitch terminated AREVALO's employment.

13. At all times material to this action, AREVALO was capable of performing her essential job duties as a Delivery Driver for APPETITES.

14.     The reason proffered by APPETITES in July 2019 for the termination of AREVALO's employment was (a) discriminatory because of Plaintiff's sex/gender, female; and (b) was retaliatory because AREVALO opposed APPETITES disparate treatment of her because of her sex/gender, in violation of Title VII and the FCRA.

15.     All conditions precedent to the institution of the claims in this Complaint have either occurred or been waived.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     On September 25, 2019, AREVALO dual filed a Charge of Discrimination against APPETITES with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging sex/gender, as well as retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*.  A copy of AREVALO's EEOC Charge, Charge No. 510-2019-06647, is attached hereto as Exhibit A.

17.     On or around May 6, 2020, the EEOC issued a Notice of Right to Sue to AREVALO, see Exhibit B.

18.     This Complaint is being filed with the Court within Sixty-One (61) days of AREVALO's receipt of the Notice of Right to Sue in connection with Charge No. 510-2019-06647 and Plaintiff has exhausted all administrative remedies on the Title VII claims pled in the Complaint.

19.     As of July 6, 2020, more than One Hundred and Eighty (180) days have passed since the filing of AREVALO's Charge of Discrimination on September 25, 2019 and the FCHR did not issue any determination concerning AREVALO's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the

filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," ARVEVALO has exhausted all administrative remedies under Florida as well as Federal law.

20. All conditions precedent to the institution of this action have either occurred or been waived.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION

Plaintiff, DIANA AREVALO, reasserts and reaffirms the allegations of Paragraphs 1 through 20 as if fully set forth herein and further states that this is an action against APPETITES, INC., for sex/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

21. Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..." 42 U.S.C. §2000e-2(a)(1).

22. At all times material to this action, APPETITES had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

23. In July 2019, AREVALO was subjected to disparate treatment by APPETITES because of her sex/gender, female, by, *inter alia*, APPETITES: (a) subjecting AREVALO to discriminatory comments about her sex/gender, female, in comparison to male employees; and (b) terminating AREVALO's employment on or around July 2019 because of Plaintiff's sex/gender, female, in violation of 42 U.S.C. §2000e-2(a)(1).

4

24. APPETITES' disparate treatment of AREVALO was so severe and pervasive that it altered, the terms, conditions, and privileges of AREVALO's employment with Defendant culminating with the termination of Plaintiff's employment in July 2019.

25. A motivating factor behind APPETITES' termination of AREVALO's employment in July 2019 was Plaintiff's sex/gender, female, in violation of 42 U.S.C. §2000e-2(a)(1).

26. APPETITES' violations of Title VII were intentional and were done with malice and reckless disregard for AREVALO' rights as guaranteed under the laws of the United States.

27. AREVALO has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of APPETITES' violations of 42 U.S.C. §2000e-2(a)(1).

28. Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), AREVALO is entitled to recover from APPETITES her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, DIANA AREVALO, demands judgment against Defendant, APPETITES, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT II
### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.*

Plaintiff, DIANA AREVALO, reasserts and reaffirms the allegations of Paragraphs 1 through 20 as if fully set forth herein and further states that this is an action against APPETITES,

INC., for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

29. Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

30. When AREVALO objected to Steve Moscovitch on July 30, 2019 discriminating against Plaintiff because of her sex/gender, female, AREVALO engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

31. AREVALO reasonably and in good faith believed that Moscovitch's derogatory and demeaning statements about male employees being superior to Plaintiff, a female employee, were unlawful employment practices.

32. APPETITES intentionally retaliated against AREVALO on or around July 30, 2019 when, following AREVALO's objections to Moscovitch's discriminatory statements about her being inferior to male employees, Defendant terminated AREVALO's employment, in violation of 42 U.S.C. §2000e-3(a).

33. APPETITES' termination of AREVALO's employment on or around July 30, 2019 just moments after AREVALO objected directly to Moscovitch's derogatory and demeaning statements about male employees being superior to Plaintiff, a female employee, was unlawful retaliation in violation of 42 U.S.C. §2000e-3(a) because of Plaintiff's good faith objections to APPETITES' gender discrimination.

34. The fact that AREVALO engaged in activity protected by Title VII was a motivating factor in APPETITES' termination of Plaintiff's employment in July 2019, in violation of 42 U.S.C. §2000e-3(a).

35. APPETITES' unlawful retaliation against AREVALO was intentional and done with malice and reckless disregard for AREVALO's rights as guaranteed under Title VII.

36. As a direct and proximate result of APPETITES' unlawful retaliation against AREVALO, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of APPETITES' violations of 42 U.S.C. §2000e-3(a).

37. Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), AREVALO is entitled to recover her reasonable attorneys' fees and costs from APPETITES.

WHEREFORE, Plaintiff, DIANA AREVALO, demands judgment against Defendant, APPETITES, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
## SEX/GENDER DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, DIANA AREVALO, reasserts and reaffirms the allegations set forth in paragraphs 1 through 20 above and further states that this is an action against APPETITES, INC. for sex/gender discrimination in violation of Florida Statutes §760.10(1).

38. The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . ." F.S. §760.10(1)(a).

39. At all times material to this action, APPETITES was an employer within the meaning of F.S. §760.02(7).

40. At all times material to this action, AREVALO was an employee of APPETITES within the meaning of F.S. §760.10(1)(a).

41. At all times material to this action, AREVALO has been an aggrieved person within the meaning of F.S. §760.02(10).

42. In July 2019, AREVALO was subjected to disparate treatment by APPETITES because of her sex/gender, female, by, *inter alia*, APPETITES: (a) subjecting AREVALO to discriminatory comments about her sex/gender, female, in comparison to male employees; and (b) terminating AREVALO's employment on or around July 2019 because of Plaintiff's sex/gender, female, in violation of F.S. §760.10(1).

43. APPETITES' disparate treatment of AREVALO was so severe and pervasive that it altered, the terms, conditions, and privileges of AREVALO' employment with Defendant culminating with the termination of Plaintiff's employment in July 2019.

44. On or around July 30, 2019, APPETITES terminated AREVALO's employment because of Plaintiff's sex/gender, female, in violation of F.S. §760.10(1).

45. A motivating factor behind APPETITES' termination of AREVALO's employment in July 2019 was Plaintiff's sex/gender, female, in violation of §760.10(1).

46. APPETITES' violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for AREVALO's rights as guaranteed under the laws of the State of Florida, such that AREVALO is entitled to punitive damages against APPETITES pursuant to F.S. §760.11(5).

47. AREVALO has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of APPETITES' violations of F.S. §760.10(1).

48. Pursuant to F.S. §760.11(5), AREVALO is entitled to recover her reasonable attorneys' fees and costs from APPETITES as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, DIANA AREVALO, demands judgment against Defendant, APPETITES, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT IV
### RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, DIANA AREVALO, reasserts and reaffirms the allegations set forth in paragraphs 1 through 20 above and further states that this is an action against APPETITES, INC. for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

49. Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

50. At all times material to this action, APPETITES was an employer within the meaning of F.S. §760.02(7).

51. At all times material to this action, AREVALO was an employee of APPETITES within the meaning of F.S. §760.10(1)(a).

52. At all times material to this action, AREVALO has been an aggrieved person within the meaning of F.S. §760.02(10).

53. When AREVALO objected to Steve Moscovitch on July 30, 2019 discriminating against Plaintiff because of her sex/gender, female, AREVALO engaged in protected activity within the meaning of F.S. §760.10(7).

54. AREVALO reasonably and in good faith believed that Moscovitch's derogatory and demeaning statements about male employees being superior to Plaintiff, a female employee, were unlawful employment practices.

55. APPETITES intentionally retaliated against AREVALO on or around July 30, 2019 when, following AREVALO's objections to Moscovitch's discriminatory statements about her being inferior to male employees, Defendant terminated AREVALO's employment, in violation of F.S. §760.10(7).

56. The fact that AREVALO engaged in activity protected by the Florida Civil Rights Act was a motivating factor in APPETITES' termination of Plaintiff's employment on or around July 30, 2019, in violation of the FCRA, F.S. §760.10(7).

57. APPETITES' termination of AREVALO's employment on or around July 30, 2019 just moments after AREVALO objected directly to Moscovitch's derogatory and demeaning statements about male employees being superior to Plaintiff, a female employee, was

unlawful retaliation in violation of F.S. §760.10(7) because of Plaintiff's good faith objections to APPETITES' gender discrimination.

58. APPETITES' violations of §760.10 were intentional and were done with malice and reckless disregard for AREVALO's rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that AREVALO is entitled to punitive damages against AREVALO pursuant to F.S. §760.11(5).

59. AREVALO has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of APPETITES' violations of F.S. §760.10(7).

60. Pursuant to F.S. §760.11(5), AREVALO is entitled to recover her reasonable attorneys' fees and costs from APPETITES as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, DIANA AREVALO, demands judgment against Defendant, APPETITES, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

DIANA AREVALO demands trial by jury on all issues so triable.

Dated: July 6, 2020    Respectfully submitted,

By:    **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | |

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

S.S. No. 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

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Diana Arevalo | (954) 864-5353 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5830 Grant Street | Hollywood, Florida 33021 | 2/26/1983 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Appetites, Inc. | 15+ | (954) 989-9480 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3420 W. Hallandale Beach Blvd. | Pembroke Park, Florida 33023 | Broward |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE
☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
                        7/30/19
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I started working for Respondent as a Delivery Driver in October 2018. On or around July 25, 2019, I injured my left on the job while working for Respondent. After my injury at work, I notified Respondent's owner, Steve Moscovitch, I would be absent from work for a few days because of the doctor's orders regarding my injury. On or around July 30, 2019, I went to Respondent's office to talk to Respondent about a leave form and Steve Moscovitch told me that he had a male employee doing my job while I had been out of work and Mr. Moscovitch said the male employee did the job faster than me. Further, Steve Moscovitch advised me that I would need to complete deliveries and other work for Respondent as quickly as the male employee and when I objected to Mr. Moscovitch discriminating against me because of my sex/gender, female, Mr. Moscovitch told me that a male employee can do the job better than I could anyway and Mr. Moscovitch fired me.

I believe Respondent subjected me to discrimination and disparate treatment based upon my sex/gender, female, and I believe Respondent retaliated against me because I objected to sex/gender discrimination, all in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 09-25-19    Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT    Received

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)    SEP 25 2019

EEOC Miami District Office

EEOC FORM 5 (Test 10/94)

# EXHIBIT B

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Diana Arevalo<br>5830 Grant Street<br>Hollywood, FL 33021 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-06647 | Alyssa K. Keene,<br>Investigator | (786) 648-5804 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*     May 6, 2020

Enclosures(s)     Michael J. Farrell,<br>District Director     *(Date Mailed)*

cc:    Aaron Moscovitch<br>Registered Agent<br>APPETITES, INC.<br>3420 W. Hallandale Beach Boulevard<br>Pembroke Park, FL 33023

<u>Charging Party Representative</u><br>Law Office of Keith M Stern, P.A.<br>Keith Stern, Esq.<br>80 SW 8th Street, Ste. 2000<br>Miami, FL 33130